IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

*IN RE:*

COMMON SENSE MEDIA, LLC

*Debtor.*

Case No. 13-00129

Chapter 7

Hearing Date: May 7, 2013 @ 9:30 a.m.

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
PARTY-IN-INTEREST A. J. SCHULER'S MOTION TO DISMISS
PETITIONER COMMON SENSE MEDIA, LLC'S CHAPTER 7 PETITION
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Edward W. Cameron, Esq. (to be admitted *pro hac vice*)
Patrick J. McDonald, Esq. (to be admitted *pro hac vice*)
CAMERON/McEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
sroche@cameronmcevoy.com
ecameron@cameronmcevoy.com
pmcdonald@cameronmcevoy.com
*Counsel for Creditor/Party-in-Interest A.J. Schuler*

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron|McEvoy
PLLC

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED .......................................................................1

SUMMARY OF ARGUMENTS PRESENTED .......................................................................1

I. INTRODUCTION ...............................................................................................................2

II. STATEMENT OF FACTS.................................................................................................3

III. ARGUMENT ....................................................................................................................5

    A.      Standard of Review................................................................................5

    B.      Venue Is Not Proper in the District of Columbia.. ..................................................5

          1.      Debtor Is Not Domiciled in the District of Columbia.................................6

          2.      Debtor's Principal Place of Business and Residence Are In Virginia.........6

          3.      Debtor's Principal Assets Are Not Located in the District of Columbia.........................................................................................8

    C.      Improper Venue Mandates Dismissal of the Petition, or, Alternatively, Transfer to the Eastern District of Virginia (Alexandria Division)…....................................9

    D.      Even if Venue Is Proper in the District of Columbia, This Matter Should Be Transferred in the Interest of Justice and for the Convenience of the Parties. .....11

IV. CONCLUSION..................................................................................................................14

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030

TEL 703.273.8898  FAX 703.273.8897

Cameron | McEvoy
PLLC

i

**TABLE OF AUTHORITIES**

**CASES**

*Dubin v. United States*,
   380 F.2d 813 (5th Cir. 1967) ...........................................................................10

*Hacienda Heating & Cooling, Inc. v United Artists Theater Circuit, Inc.*,
   2009 WL 8238063 (D. Ariz. Mar. 31, 2009) ....................................................5

*Hertz Corp. v. Friend*,
   559 U.S. 77, 130 S.Ct. 1181 (2010) ..............................................................7, 8

*In re Blagg*,
   215 B.R. 79 (N.D. Okla. 1997) .......................................................................10

*In re Blagg*,
   223 B.R. 795 (10th Cir. BAP 1998) ................................................................10

*In re B.L. of Miami, Inc.*,
   294 B.R. 325 (Bankr. D. Nev. 2003) ................................................................6

*In re Bruno's, Inc.*,
   227 B.R. 311 (Bankr. N.D. Ala. 1998) ............................................................12

*In re Commonwealth Oil Refining Co., Inc.*,
   596 F.2d 1239 (5th Cir. 1979) ........................................................................13

*In re Dunmore Homes, Inc.*,
   380 B.R. 663 (Bankr. S.D.N.Y. 2008) ..............................................................6

*In re FRG Inc.*,
   107 B.R. 461 (Bankr. S.D.N.Y. 1989) ..............................................................6

*In re Great Lakes Hotel Assocs.*,
   154 B.R. 667 (E.D. Va. 1992) ...........................................................................5

*In re Hall, Bayoutree Assocs., Ltd.*,
   939 F.2d 802 (9th Cir. 1991) .......................................................................9, 10

*In re Healy*,
   1989 WL 149679 (Bankr. D. Md. Nov. 17, 1989) ............................................9

*In re Hillsborough Holdings Corp.*,
   146 B.R. 1008 (Bankr. M.D. Fla. 1992) ...........................................................5

*In re J&L Plumbing & Heating, Inc.*,
   186 B.R. 388 (Bankr. E.D. Pa. 1995) ...............................................................6

*In re Kaiser Group, Int'l*,
   421 B.R. 1 (Bankr. D.D.C. 2009) .........................................................11, 12, 13

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

CAMERON | McEVOY
PLLC

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy PLLC

*In re Leonard*,
   55 B.R. 106 (Bankr. D.D.C. 1985) .................................................................9

*In re L.F. Popell Co.*,
   221 F.Supp. 534 (S.D.N.Y. 1963) ...................................................................8

*In re Manville Forest Prods. Corp.*,
   896 F.2d 1384 (2d Cir. 1990) ....................................................................5, 12

*In re Peachtree Lane Assocs.*,
   188 B.R. 815 (N.D. Ill. 1995) ....................................................................5, 7

*In re Pickeral*,
   267 B.R. 1 (Bankr. D.D.C. 2001) ................................................................10

*In re Segno Commc'ns, Inc.*,
   264 B.R. 501 (Bankr. N.D. Ill. 2001) ............................................................6

*In re Silicon Valley Innovation Co.,*,
   2012 WL 3778853 (Bankr. N.D. Cal. Aug. 30, 2012) ...............................6, 7

*In re Sorrells*,
   218 B.R. 580 (10th Cir. BAP 1998) ...............................................................9

*In re Statewide Theatres Corporation*,
   4 F.Supp. 86 (D.Del. 1933) ...........................................................................2

*In re Suzanne de Lyon, Inc.*,
   125 B.R. 863 (Bankr. S.D.N.Y. 1991) ...........................................................6

*In re Tiffany*,
   2006 WL 2084009 (Bankr. D.D.C. Jun. 28, 2006) ........................................9

*Jane Lyons Advertising, Inc. v. Cook*,
   1998 WL 164775 (D.D.C. Mar. 31, 1998) ...................................................13

*Miller Bros. Co. v. State of Maryland*,
   347 U.S. 340 (1954) .......................................................................................9

*Thompson v. Greenwood*,
   507 F.3d 416 (6th Cir. 2007) ....................................................................9, 11

*United States v. Orshek*,
   164 F.2d 741 (8th Cir. 1947) .........................................................................8

## STATUTES

28 U.S.C. § 1391(c)(2).........................................................................................8

28 U.S.C. § 1406...........................................................................................2, 9, 11

28 U.S.C. § 1408 .................................................................................................................5, 6

28 U.S.C. § 1408(a) ...............................................................................................................9

28 U.S.C. § 1412 .........................................................................................................2, 5, 11

D.C. Code § 29.105.02(b) ...................................................................................................13

### RULES

Fed. R. Bank. P. 1014(a)(1) ........................................................................................2, 5, 11

Fed. R. Bank. P. 1014(a)(2) ..........................................................................................2, 5, 9

### EXHIBITS

Exhibit 1 – CSM List of Shareholders, Officers and Directors Prior to October 15, 2012

Exhibit 2 – Declaration of A.J. Schuler

Exhibit 3 – CSM Articles of Incorporation & Certificate of Incorporation

Exhibit 4 – Virginia State Corporation Commission, Business Entity Details for CSM

Exhibit 5 – CSM SunTrust Bank Account Statement, dated September 30, 2012

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

CAMERON | McEvoy
PLLC

iv

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether venue in this jurisdiction is improper.

2.      Whether this action should be dismissed for improper venue.

3.      Whether this action should be transferred to the Eastern District of Virginia (Alexandria Division) for improper venue.

4.      Whether this action should be transferred to the Eastern District of Virginia (Alexandria Division) in the interest of justice or for the convenience of the parties.

## SUMMARY OF ARGUMENTS PRESENTED

1.      This Court is not a proper venue in that this matter in that Debtor does not reside or maintain a domicile in this District, nor does it have its principal place of business or its principal assets located herein.

2.      This matter should be dismissed due to improper venue, as the matter appears to have been intentionally filed in the wrong district and dismissal would be more efficient than transfer.

3.      In the event this matter is not otherwise dismissed, this action should be transferred to the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division) because venue is only proper in that District.

4.      In the event that this Court finds that venue is proper in this District, this Court should nevertheless transfer this bankruptcy matter to the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division) in the interests of justice and for the convenience of the parties.  The interests of justice are promoted by permitting a Virginia court to decide matters relating to a Virginia corporation's existence and financial status, especially when critical decisions of Debtor have been made in Virginia, rather than in the District of

1

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030

TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy
PLLC

Columbia.  Moreover, it is for the convenience of the parties that this matter should be transferred, as five of six factors weigh in favor of transfer rather than retention.

## I.    INTRODUCTION

Party-in- Interest A.J. Schuler ("Schuler"),[1] by counsel, files this Memorandum of Facts and Law in support of its Motion to Dismiss the Petition of CommonSense Media, Inc. ("Debtor" or "CSM") for improper venue pursuant to Federal Rule of Bankruptcy Procedure 1014(a)(2) and 28 U.S.C. § 1406.  In the alternative, Schuler submits this Memorandum of Facts and Law in support of its Motion to Transfer Venue to the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, pursuant to Federal Rules of Bankruptcy Procedure 1014(a)(1), 1014(a)(2), and/or 28 U.S.C. § 1412.

Quite simply, the Petition before this Court is one filed by a Virginia corporation with little, if any, connection to the District of Columbia.  Indeed, Debtor is not even licensed to do business in Washington, D.C.  Nevertheless, Debtor has chosen to file its Petition here, in the District of Columbia.  Though Schuler has been effectively shut out of the business operations of Debtor for several years (which is the subject of a lawsuit pending in the Circuit Court of Fairfax County, Virginia), the limited information that has been made available for his review amply demonstrates that Debtor's residence, domicile, principal place of business and principal assets have always been located outside of the District.  Indeed, it appears that this forum has been chosen as yet another attempt to further alienate Schuler, a Virginia resident, from the proceedings, and avoid, if at all possible, his questions about the conduct of Debtor's business.

---

[1] Schuler is a party-in-interest by virtue of his status as a shareholder of Debtor whose pecuniary interests are affected by this bankruptcy, as well as a plaintiff in a pending litigation against Debtor. *See In re Statewide Theatres Corporation*, 4. F. Supp. 86, 87 (D. Del. 1933); Exs. 1, 2.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030

TEL 703.273.8898   FAX 703.273.8897

Venue is thus wholly improper in this Court, and dismissal is warranted.  In the event this matter is not otherwise dismissed, this matter should be transferred to the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division).

## II.   STATEMENT OF FACTS

Debtor filed a Voluntary Chapter 7 Petition ("Petition") on March 5, 2013 in this United States Bankruptcy Court for the District of Columbia.  *See* Docket Entry 1.  Debtor is a closely-held corporation with three shareholders.  *See* Ex. 1.  Hamsher is the majority shareholder, the chair of Debtor's Board of Directors, and Debtor's President.  *See* Ex. 1.  Schuler is a minority shareholder of Debtor, and serves as one of its directors.  *See* Ex. 1.  Until October 15, 2012, Schuler was an officer of Debtor as well, until he was voted out of that position by Hamsher and newly installed directors.  *See* Ex.1; Ex. 2, ¶5.  As noted above, Schuler has been effectively shut out of Debtor's operations from 2009 onward.   Though Schuler has attempted through negotiation and through court action to unearth Debtor's true goings-on over the past several years, even his simple requests to view complete records for the corporation have been met with hostility and a refusal to cooperate.  *See* Ex. 2, ¶¶6-9, 13, 19, 23.

What little information Schuler has been able to glean from Hamsher and Debtor reveals that venue is not proper in this District.  Since its formation in 2007, Debtor has always been a Virginia corporation.  *See* Exs. 3, 4.  Debtor's principal office is located in Falls Church, Virginia, and its registered agent is located in Alexandria, Virginia.  *See* Ex. 4.[2]

---

[2] A typo appears on the Virginia State Corporation Commission's Business Entity Details page for Debtor, listing its Falls Church principal office address as "CA" instead of "VA."  *See* Ex. 2, ¶3; Ex. 4.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030

TEL 703.273.8898   FAX 703.273.8897

Cameron|McEvoy
PLLC

Prior to its recent cessation of operations, Debtor was a seller and broker of online advertisements.  According to its website (http://csmads.com/about.html), Debtor is "a digital alliance of publishers and advertisers who are shaping the future of digital advertising in the political space."  Working in the digital marketplace, Debtor does not maintain many, if any, fixed assets.  Indeed, even Schuler's limited view into the operations of Debtor have revealed that Debtor's only appreciable assets are a bank account and certain accounts receivable, both of which are intangible assets and are located at the situs of the corporation.[3]  *See* Ex. 2, ¶24; Ex. 5.

Likewise the only fixed location at which any critical decisions have been made in the last 180 days has been at the office of Debtor's registered agent.  All directors' and shareholders' meetings of the past several months, as well as the major decisions of Debtor, including the decision to cease operations, have been made in Virginia at the office of Debtor's registered agent.  *See* Ex. 2, ¶21.  In any event, Debtor is not registered to conduct business in the District of Columbia, thus precluding it from having any (lawful) place of business therein.  *See* Ex. 2, ¶4.

Debtor has plainly filed its Chapter 7 Petition in a forum which has no connection to Debtor's domicile, residence, principal place of business, or principal assets.  This renders the venue entirely improper.  As such, and as explained in greater detail below, the Petition must be dismissed, or, in the alternative, transferred to the United States District Court for the Eastern District of Virginia (Alexandria Division).

---

[3] The most recent bank statement that Schuler has been able to obtain, which runs through September 2012, show Debtor being located at an address in Falls Church, Virginia.  *See* Ex. 5.

4

## III.   ARGUMENT

### A.   Standard of Review

Pursuant to Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure, Schuler moves to dismiss the Petition or transfer the matter to the United States Bankruptcy Court[4] for the Eastern District of Virginia (Alexandria Division) based on improper venue.  Alternatively, Schuler requests that the case be transferred to the Eastern District of Virginia (Alexandria Division) in the interest of justice and for the convenience of the parties, pursuant to Rule 1014(a)(1).  The determination of whether venue is proper involves a finding of fact.  *See In re Peachtree Lane Assocs.*, 188 B.R. 815, 830 (N.D. Ill. 1995) (citing *In re Great Lakes Hotel Assocs.,* 154 B.R. 667, 671 (E.D. Va. 1992).   The burden of proof rests on the movant to demonstrate, by a preponderance of the evidence, that venue is improper.[5]  *See Id.*  (citing *In re Manville Forest Prods. Corp.,* 896 F.2d 1384, 1391 (2d Cir. 1990)).

### B.   Venue is Not Proper in the District of Columbia.

Debtor alleges that venue is proper pursuant to 28 U.S.C. § 1408.   This section, governing venue for bankruptcy petitions, reads, in relevant part:

> [A] case under title 11 may be commenced in the district court for the district . . . in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or

---

[4] Notwithstanding the language of 28 U.S.C. § 1412, this Court may bypass the transferee district court and transfer a case directly to another bankruptcy court, in the interest of judicial efficiency and avoiding what would otherwise be a "pointless" act, under the general references of 11 U.S.C. 157(a).  *See In re Hillsborough Holdings Corp.*, 146 B.R. 1008, 1010 (Bankr. M.D. Fla. 1992); *Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc.*, No. Civ. 08-0502-PHX-DKD, 2009 WL 8238063, at *3 (D. Ariz. Mar. 31, 2009).

[5] In addition, where a request for transfer is predicated on Rule 1014(a)(1), the Debtor's choice of forum is presumed correct.  *See In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990).

5

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898    FAX 703.273.8897

> entity that is the subject of such case have been located for the one
> hundred and eighty days immediately preceding such commencement, or
> for a longer portion of such one-hundred-and-eighty-day period than the
> domicile, residence, or principal place of business, in the United States, or
> principal assets in the United States, of such person were located in any
> other district . . ..

28 U.S.C. § 1408. "The statute is written in the disjunctive making venue proper in any of the

listed locations." *In re Dunmore Homes, Inc*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) (citing

*In re Segno Commc'ns, Inc.*, 264 B.R. 501, 505 (Bankr. N.D. Ill. 2001)).[6]  Despite this lenient

standard, Debtor simply misses the mark on all counts.  It thus remains clear that venue is not

proper in the District of Columbia.

### 1. <u>Debtor Is Not Domiciled in the District of Columbia.</u>

"A corporation's domicile is generally held to be its state of incorporation." *Id*. (citing *In*

*re B.L. of Miami, Inc.,* 294 B.R. 325, 328 (Bankr. D. Nev. 2003)); *see also In re Segno*, 264 B.R.

at 506 ("To determine the domicile of a corporation we look to the state of its incorporation.")

(citing *In re FRG Inc.,* 107 B.R. 461, 471 (Bankr. S.D.N.Y. 1989)).  In this case, Debtor has its

domicile in the Commonwealth of Virginia, as it was, and is, incorporated therein.  *See* Exs. 2-4.

Venue in this District cannot, therefore, be based on domicile in this matter.

---

[6] There is a split of authority as to whether domicile and residence are even relevant to the
question of venue for the purposes of a corporate debtor's petition. *See In re Silicon Valley
Innovation Co.*, No. 12–52706–ASW, 2012 WL 3778853, at *3 (Bankr. N.D. Cal. Aug. 30,
2012) (citing *In re J & L Plumbing & Heating, Inc.,* 186 B.R. 388, 390–91 (Bankr. E.D. Pa.
1995) (noting split of authority); *see also In re Suzanne de Lyon, Inc.*, 125 B.R. 863, 866 (Bankr.
S.D.N.Y. 1991) (stating that residency and domicile do not apply to corporations).  Schuler
addresses both domicile and residence in this memorandum out of an abundance of caution.  In
any event, it is clear that Debtor is not domiciled, nor does it maintain residency, in the District
of Columbia.

Cameron | McEvoy
PLLC

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030

TEL 703.273.8898   FAX 703.273.8897

**2. Debtor's Principal Place of Business and Residence Are in Virginia.**

The term "principal place of business," when referring to a corporation, is defined as a company's "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192 (2010) (defining a corporation's principal place of business for diversity jurisdiction purposes). The nerve center is generally "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. The focus, when determining a corporation's principal place of business, is on that location where significant business decisions are made. *See In re Silicon Valley Innovation Co.*, No. 12–52706–ASW, 2012 WL 3778853, at *3 (Bankr. N. D. Cal. Aug. 30, 2012) (citing *In re Peachtree Lane Associates, Ltd.,* 198 B.R. 272, 280–81 (Bankr. N.D. Ill. 1996)).

In this instance, Debtor's significant business decisions over the 180 days prior to filing the Petition have been made in Virginia. Of most significant consequence, the decision to cease operations was made by Hamsher following a shareholders meeting at the same location, wherein the shareholders voted to decline an increase in the number of authorized shares on January 3, 2013. *See* Ex. 2, ¶21. Thus, one of the most critical business decisions of the 180 days prior to filing the Petition were made in Virginia, not in the District of Columbia.[7] Thus, Debtor cannot base venue in this District upon Debtor's principal place of business.

---

[7] Schuler is aware of the United States Supreme Court's guidance that "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192 (2010). However, what is obvious in this case is that the only "headquarters" for Debtor must be in Virginia, not the District of Columbia. For one, Debtor is not registered to do business in this District, and it should not be permitted to take advantage of unauthorized conduct to claim a business presence superior to the venue in which is presence is

Likewise, venue cannot be based on residency, as a corporation's residence, when acting in the role of plaintiff (or in this case, petitioner), is determined by its principal place of business for venue purposes. *See* 28 U.S.C. § 1391(c)(2).[8] As Debtor's principal place of business is Virginia, not the District of Columbia, residency is not a proper basis for venue in this instance. In short, Debtor is a Virginia resident for the purposes of its bankruptcy petition, without sufficient ties to this District (as further detailed below) as would justify a finding of proper venue.

### 3.  Debtor's Principal Assets Are Not Located in the District of Columbia.

The final hope for proper venue in this District – the location of Debtor's principal assets – is likewise unavailing. As stated above, Debtor does not have any assets of any value located in the District of Columbia. Debtor's only appreciable assets, as far as Schuler can discern, are a SunTrust Bank account and any accounts receivable it may still have. *See* Ex. 2, ¶26; Ex. 5. As an intangible assets, these accounts fall under "the maxim of *mobilia sequntur personam*," whereby the location of intangible property is determined by the location of its owner. *See*

---

established and lawful. Second, as the company operates primarily in the digital workspace, and the only fixed location of Debtor is where the board of directors and shareholders have met to chart a course for Debtor. *See Hertz*, 559 U.S. 77, 130 S.Ct. at 1194. (recognizing that hard cases arise because, "in the era of telecommuting, some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet").

[8] Indeed, even under older rules governing residence, venue would be improper. *See In re L.F. Popell Co.*, 221 F. Supp. 534, 536-37 (S.D.N.Y. 1963) (holding that to hold otherwise would "make redundant the concept of principal place of business. . . [and] similarly emasculate[] use . . . of the concept of domicile"); *see also United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947) ("[A] corporation has its home, residence, domicile and citizenship where it was originally incorporated and not elsewhere, regardless of where its principal place of business may be located.").

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030    TEL 703.273.8898    FAX 703.273.8897

Cameron McEvoy
PLLC

*Miller Bros. Co. v. State of Maryland*, 347 U.S. 340, 345 & n. 9 (1954) (collecting cases applying *mobilia sequntur personam*); *see also In re Tiffany*, No. 06–00176, 2006 WL 2084009, at *1 (Bankr. D.D.C. Jun. 28, 2006) (citing *In re Healy,* No. 89–4–2488–PM, 1989 WL 149679, at *1 n.2 (Bankr. D. Md. Nov. 17, 1989)).  As Debtor resides, is domiciled, and has its principal place of business in Virginia, its accounts are likewise located in Virginia.  Therefore, venue in the District of Columbia cannot be based on the location of principal assets.

As none of the four requirements for venue under 28 U.S.C. § 1408(a) are met, venue is improper, and this Court must dismiss or transfer this bankruptcy proceeding to a court of proper venue.

**C.    Improper Venue Mandates Dismissal of the Petition, or, Alternatively, Transfer to the Eastern District of Virginia (Alexandria Division).**

Where, as here, venue is improper, Rule 1014(a)(2) states that the Court "may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties."  Fed. R. Bankr. P. 1014(a)(2).  In such a case, the Court has no discretion to retain the case, but must dismiss or transfer the matter.  *See* 28 U.S.C. § 1406; Fed. R. Bankr. P. 1014(a)(2) & Advisory Committee Note to 1987 Amendment; *see also In re Sorrells*, 218 B.R. 580, 585 (10th Cir. BAP 1998); *Thompson v. Greenwood*, 507 F.3d 416, 421-22 (6th Cir. 2007); *but see In re Leonard*, 55 B.R. 106, 110 (Bankr. D.D.C. 1985) (decided under former law 28 U.S.C. § 1477).  Whether transfer or dismissal is most appropriate, however, is a matter of the Court's discretion.  *See In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 805 (9th Cir. 1991).

Importantly, this Court has held that "[t]he courts should not transfer venue when a case is intentionally filed in a wrong district," but dismiss it, since transfer in such a case would not be

9

in the interest of justice. *See In re Pickeral*, 267 B.R. 1, 4 (Bankr. D.D.C. 2001) (citing *Dubin v. United States,* 380 F.2d 813, 816 n. 5 (5th Cir. 1967)); *see also In re Hall, Bayoutree*, 939 F.2d at 806 (dismissal is appropriate where there is evidence of bad faith in choosing an improper venue). In this case, there is a strong indication that the Petition was filed intentionally in an improper venue. As noted, Debtor has always been a Virginia corporation, but has curiously listed an address in Washington, D.C. on its Petition. *See* Docket Entry No. 1. It is not authorized to do business in the District of Columbia. Moreover, given the ever-deteriorating relationship of Hamsher and Schuler (*see generally* Ex. 2), it is highly likely that this District was chosen for the additional reason that it inconveniences Schuler, a Virginia resident. Presumably, then, the choice of this District was not predicated on any mistaken belief of proper venue, but on intentional conduct.

Dismissal is also appropriate where all parties involved are best served by "starting over," which gives both the parties and the Court a fresh look at the facts of the case and the ability to participate in the proceedings in the proper, and more convenient, place. *See In re Blagg*, 215 B.R. 79, 81 (N.D. Okla. 1997), *aff'd in part, remanded in part, by In re Blagg*, 223 B.R. 795 (10th Cir. BAP 1998). Starting over, in this instance, makes the most sense, as there appear to be at least two discrepancies in the bankruptcy filings that would be able to be cleaned up in a new case. For one, though Debtor is named in the Petition as "Common Sense Media, LLC," Debtor is, in fact, a Virginia *corporation*, not a Virginia limited liability company, bearing the name "CommonSense Media, Inc." *See* Ex. 3, 4. Likewise, as noted, the Petition lists Debtor's address as being in Washington, D.C., when its principal office (and only lawful office) is in Virginia. *See* Ex. 4. Both Debtor and the creditors would benefit from starting over with the

10

*correct* entity listed as Debtor, at the correct address.  Moreover, as this matter is only just beginning, dismissal is far less harsh of a remedy than it might otherwise be.  Accordingly, the proper remedy is dismissal.

If the Court decides, however, that, in the interest of justice or the interests of the parties, that transfer is more appropriate, that transfer must be to a forum in which the Petition could have been filed initially, in accordance with 28 U.S.C. § 1406.  *See Thompson*, 507 F.3d at 422-23.  As demonstrated by the discussion of venue in Section II(B), *supra*, the only District in which the Petition could have been brought is the Eastern District of Virginia.  Debtor maintains its residency, domicile, principal place of business, and its principal assets in Virginia, at either its principal office in Falls Church, or at its registered agent's office in Alexandria.  No other jurisdiction would be an appropriate venue, and, thus, any transfer should be to the Eastern District of Virginia (Alexandria Division).

**D.**     **Even if Venue Is Proper in the District of Columbia, This Matter Should Be Transferred in the Interest of Justice and for the Convenience of the Parties.**

Though Schuler submits that venue is improper, and therefore dismissal or transfer is *required*, in the event that the Court finds venue to be proper in this Court, the matter should nevertheless be transferred to a Virginia forum.  Rule 1014(a)(1) and 28 U.S.C. § 1412 permit this Court to transfer a case brought in a proper venue, if such a transfer would be "in the interest of justice or for the convenience of the parties."[9]  28 U.S.C. §1412; Fed. R. Bankr. P. 1014(a)(1).  "Due to the disjunctive, transfer of venue is permissible where required in the interest of justice

---

[9] When there is a conflict between the interests of justice and the convenience of the parties, the interests of justice take precedence.  *In re Kaiser Group, Int'l*, 421 B.R. 1, 22, n. 21 (Bankr. D.D.C. 2009).

*or* for the convenience of the parties." *In re Kaiser Group, Int'l*, 421 Br. 1, 18 (Bankr. D.D.C.

2009) (discussing transfer of legal malpractice case within court's "arising in" jurisdiction)

(citing *In re Bruno's, Inc.,* 227 B.R. 311, 324 (Bankr. N.D. Ala. 1998)).

"The 'interest of justice' component of § 1412 is a broad and flexible standard which

must be applied on a case-by-case basis. It contemplates a consideration of whether transferring

venue would promote the efficient administration of the bankruptcy estate, judicial economy,

timeliness, and fairness." *In re Manville Forest Prods. Group*, 896 F.2d 1384, 1391 (2d Cir.

1990). The timeliness of this Motion and any subsequent transfer cannot be questioned, as this

bankruptcy proceeding is still in its infancy. Moreover, Virginia courts undoubtedly have an

interest in deciding the fate of one of its own corporations, particularly where critical actions

regarding Debtor's business have been taken in Virginia, and a pending case lingers in Virginia

that is aimed at gathering information to determine the precise flow of Debtor's assets over the

past several years. *See* Ex. 2, ¶9; *see also In re Kaiser Group, Int'l*, 421 B.R. 1, 19 (Bankr.

D.D.C. 2009). Judicial economy and efficient administration are therefore best served by

allowing one jurisdiction – the jurisdiction in which Debtor exists – to adjudicate and review all

issues related to Debtor's assets. Finally, fairness dictates that Debtor, through the unilateral

choices of Hamsher, should not be able to claim venue in a location in which Hamsher and

Debtor have skirted the District of Columbia's business registration laws so boldly. Having not

registered to do business in this District, any claim to venue herein is predicated on unauthorized

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898  FAX 703.273.8897

12

business activity, which justice should not reward.[10]

Likewise, a transfer would be for the convenience of the parties. In what is colloquially referred to as the "*COMCO* Test," six factors are to be considered: "(1) The proximity of creditors of every kind to the Court; (2) The proximity of the bankrupt (debtor) to the Court; (3) The proximity of the witnesses necessary to the administration of the estate; (4) The location of the assets; (5) The economic administration of the estate; (6) The necessity for ancillary administration if bankruptcy should result." *See In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979).[11] The majority of these factors weigh in favor of transfer.

Certainly Debtor is closest to the Eastern District of Virginia, Alexandria Division than it is to this District, as it is a Virginia corporation with its principal office in Falls Church, Virginia (as detailed above).[12] Likewise, in looking to potential witnesses, more than one likely witness would be coming from Virginia or a place further west, passing the Eastern District of Virginia along the way. Those witnesses are Schuler and Jeff Cosgrove, a former director of CSM, who resides in West Virginia. *See* Docket Entry No. 15, p. 6. Debtor's assets, which are intangible

---

[10] Indeed, the District of Columbia's "door-closing" statute, D.C. Code § 29.105.02(b), would prevent Debtor from filing an action in a District of Columbia court, as well as a diversity action in a federal court in the District of Columbia. Though this D.C. Code section is not a *jurisdictional* bar to the filing of an action premised on federal law, such as a bankruptcy proceeding, *see Jane Lyons Advertising, Inc. v. Cook*, No. Civ. A. 97–01069, 1998 WL 164775, at *4 (D.D.C. Mar. 31, 1998), it weighs heavily in favor of transfer, as blatant disregard for the business organization laws of the District of Columbia cannot be a just foundation for proper venue.

[11] This Court, in the context of an adversary proceeding, has relied upon similar factors, which look to the same practical considerations. *See In re Kaiser Group, Int'l*, 421 B.R. 1, 22 (Bankr. D.D.C. 2009).

[12] Hamsher, as President of Debtor who would likely appear on behalf of Debtor, lists herself as located in California. *See* Docket Entry No. 15, p. 6.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

and, thus, follow the corporation, are also located in Virginia.[13]  Economic administration of the

estate, as previously noted, is aided by transfer to Virginia, as proceedings are pending in Fairfax

County, Virginia, which may affect the total of Debtor's assets, and which involve actions that

have taken place in Virginia.  *See* Ex. 2, ¶9.  Moreover, any ancillary proceedings following

bankruptcy would likely take place in Virginia, where Debtor is located.  Thus, five of the six

factors weigh in favor of transfer.[14]

Accordingly, if the Court finds that venue is proper (which, as Schuler submits, it is not),

this matter should be transferred in the interest of justice and for the convenience of the parties to

the Unites States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division).

## IV.   CONCLUSION

For the foregoing reasons, Party-in-Interest A.J. Schuler moves to dismiss the Petition for

improper venue.  In the alternative, Schuler moves this Court to transfer venue to the United

States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division).  On all

motions, Schuler requests such further relief as this Court deems just and proper.

---

[13]  Reviewing the breadth of those assets may require questioning or otherwise involving Debtor's accountant, who is located in Bethesda, Maryland, outside of this District. The difference in travel from Bethesda to either this Court or Alexandria is negligible, and, given the other witnesses who benefit from proceeding in Alexandria, this factor weighs in favor of transfer.

[14]  As to the first factor, the result is likely even.  Debtor has filed a matrix of 48 creditors, some of which exist in the District of Columbia, but most of which do not.  *See* Docket Entry No. 15. Thus, there is no particular reason why this District is particularly convenient for those creditors that have to travel, in some cases great distances.  Moreover, there are six creditors listed in Virginia, all of whom would have easier access to the Alexandria Division of the Eastern District of Virginia than this District, much like the witnesses and Debtor itself.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030

TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy
PLLC

Respectfully Submitted,

A.J. SCHULER
By Counsel

/s/ Sean Patrick Roche
Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Edward W. Cameron, Esq. (to be admitted *pro hac vice*)
Patrick J. McDonald, Esq. (to be admitted *pro hac vice*)
CAMERON/McEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
sroche@cameronmcevoy.com
ecameron@cameronmcevoy.com
pmcdonald@cameronmcevoy.com
*Counsel for Party-in-Interest A.J. Schuler*

15

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

All entities on the mailing list maintained by the Court on the Case Management, Electronic Case Filing system as that list appeared at 1:28 p.m. on April 4, 2013.

/s/ Sean Patrick Roche
Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
Edward W. Cameron, Esq. (to be admitted *pro hac vice*)
Patrick J. McDonald, Esq. (to be admitted *pro hac vice*)
CAMERON/McEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
sroche@cameronmcevoy.com
ecameron@cameronmcevoy.com
pmcdonald@cameronmcevoy.com
*Counsel for Party-in-Interest A.J. Schuler*