UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:

Common Sense Media, LLC.                              Case No. 13-0129
                                                     (Chapter 7)

**MOTION FOR PROTECTIVE ORDER**

Common Sense Media, LLC and Jane Hamsher by and through attorney Warren E. Gorman moves for a protective order and as reasons therefore states as follows:

A.J. Shuler is a stock holder and director of Common Sense Media, LLC and has previously published derogatory remarks about Jane Hamsher and Common Sense Media, LLC. The movants believe that if A.J. Shuler obtains the QuickBooks account records of Common Sense Media, LLC., and the 2012 tax returns of the company and any financial, commercial or property information Ms. Hamsher will suffer because information will be published and that is harmful. Common Sense Media, LLC., obtains information from companies who want to publish online advertisements and places these advertisements with other companies. Firedoglake.com is an online publication that is affiliated with Jane Hamsher. Over one half of the online ads placed by Common Sense Media, LLC., are made with Firedoglake. A.J. Shuler who was previously affiliated with Firedoglake.com has made statements through his twitter account that publically denigrated a product offered by the company. He described Firedoglake as a grifter. He also accused the company of fraud. On August 26, 2012 he referred to Common Sense Media as a company that received special consideration from a union boss. Shuler has also made negative statements concerning Jane Hamsher. He described her as being unprincipled. Your movants believe that if Mr. Shuler receives records concerning the financial affairs of Common Sense Media, LLC., and Jane Hamsher that they may be published in a derogatory manner. A.J. Shuler

is not a creditor of Common Sense Media, LLC. There is no reason for him to receive this information.

**WHEREFORE**, the movant prays this Honorable Court will deny A.J. Shuler access to the 2012 tax return, the QuickBooks accounting, financial, commercial or proprietary information without a Confidentiality Agreement. In the alternative that movants request this Honorable Court will issue an order preventing A.J. Shuler from publishing or commenting about the aforementioned information without prior Court order.

Respectfully Submitted,

_____
Warren E. Gorman
5530 Wisconsin Avenue
Suite 1209
Chevy Chase, MD 20815
Telephone: (301) 654-5757
Facsimile: (301) 654-2245

## POINTS AND AUTHORITIES

A Court can issue a protective order to protect a person or party from annoyance, embarrassment, oppression, expense or undue burden. See in re Wright v. S.D.N.Y. 220 BR 543 (1998). Mr. Shuler previously caused the movants annoyance, embarrassment and undue expense. A party may move for a protective order pursuant to 11 USC 303 and under the Federal Civil Rule (26c). Movants also rely upon Rule 9017 and 9018 of the Bankruptcy Rules. If the information sought by a party fits any of the aforementioned categories the Court has no discretion to deny an application for a protective order. See, in re Handy Andy Home Int., Centers, Inc., 199 Br. 376. The Federal Procedural Rules holds that the admission of requested records can only be used in the proceedings for which it is made. See Federal Rules of Civil Procedure (36b) and in re Senior Living Properties, LLC., 309 B.R. 223. Movants do not have to show good cause for this protection order. The Court should protect the confidential commercial information. See in re Handy Andy Home Int. Centers, Inc., Supra.

By,

_____
Warren E. Gorman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion for Protective Order was mailed first class, postage paid, this 29th day of April, 2013 to:

Bryan Ross
1800 K Street NW
Suite 624
Washington DC 20036

Office of US Trustee
115 South Union Street
Suite 210
Plaza Level
Alexandria VA 22314

Jeffrey M. Sherman
DC Bar No. 348896
LERCH, EARLY & BREWER
3 Bethesda Metro Center
Suite 460
Bethesda MD 20814

_____
Warren E. Gorman