IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

*IN RE:*
COMMON SENSE MEDIA, LLC

*Debtor.*

Case No. 13-00129

Chapter 7

Hearing Date: Not Yet Determined

**PARTY-IN-INTEREST A. J. SCHULER'S OBJECTION & OPPOSITION TO DEBTOR'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Party-in-Interest A.J. Schuler ("Schuler"), by counsel, and files this Objection & Opposition to the Motion for Protective Order ("Opposition") filed by Debtor Common Sense Media, LLC ("CSM"),[1] and in support thereof states as follows:

1. CSM initiated these proceedings by filing a voluntary petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) on March 5, 2013 (Docket Entry No. 1).

2. On April 29, 2013, CSM filed a Motion for Protective Order ("Motion"), seeking to unnecessarily and inappropriately restrict Schuler's access to certain financial information concerning CSM in this proceeding (Docket Entry No. 42).

3. Upon review of the various authorities governing protective orders in a bankruptcy proceeding, there is simply no reason to issue a protective order restricting Schuler's access to information in this matter.

4. First, CSM has not sufficiently articulated the standard of review for its Motion. Currently, no contested matter or adversary proceeding is pending that would permit direct

---

[1] The Motion is ostensibly brought on behalf of CSM and Jane Hamsher, yet it is unclear whether Hamsher, CSM, or both entities, actually seek relief. To the extent necessary, Schuler files this Opposition to the Motion as it applies to both CSM and Hamsher.

Cameron McEvoy PLLC
11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898    FAX 703.273.8897

1

application of Federal Rule of Civil Procedure 26(c). *See* Fed. R. Bankr. P. 7026, 9014; *In re Wright*, 220 B.R. 543, 544-45 (S.D.N.Y. 1998). Moreover, no one has yet requested a Rule 2004 examination of CSM that would warrant consideration of case law discussing the invocation of Federal Rule of Civil Procedure 26 in that setting. *See In re Handy Andy Home Improvement Centers, Inc*. 199 B.R. 376, 378-79 (Bankr. N.D. Ill. 1996) (in the context of a creditors' committee seeking documents through Rule 2004, deciding whether "a bankruptcy judge should enter a ***stipulated protective order*** without a showing of good cause") (emphasis added).[2] Thus, it is not clear under what authority CSM claims a right to a protective order.

5.    Yet even upon identifying the proper standard, the Court should refrain from entering a protective order because CSM has not identified any justification therefor, or even any material deserving of protection. The default status of any paper filed in a bankruptcy proceeding is public availability. *See* Fed. R. Bankr. P. 11 U.S.C. § 107(a). Only under specific exceptions to this statutory policy will access be restricted. Rule 9018 of the Federal Rules of Bankruptcy Procedure – the only applicable rule cited by CSM – permits the Court "in the interests of justice" to enter an order "(1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." *See also* 112 U.S.C. § 107(b) (requiring protection of entities under these limited circumstances). In its Motion, CSM has not identified any information that would constitute "a

---

[2] This case is likewise inapposite because its consideration is limited to stipulated protective orders. No protective order has even been offered for entry herein, and it has certainly not been stipulated to, given Schuler's Opposition.

trade secret or other confidential research, development, or commercial information."[3]  Indeed, CSM would be hard-pressed to do so, considering that it has ceased operations, is no longer competing in the marketplace, and is seeking liquidation under Chapter 7.

6.  Furthermore, CSM has not pointed to any document that has been filed, or that will be filed, on the docket for this proceeding that would require the protection stated in Rule 9018(2) or 11 U.S.C. § 107(b)(2) with regard to defamatory or scandalous matters.  *See In re Handy Andy Home Improvement Centers*, 199 B.R. at 381 (noting that 11 U.S.C. § 107 applies only to filed documents).  Instead, it seeks to paint Schuler as something other than a party-in-interest with the best interests of CSM at heart.  These insinuations are not only off-base, but entirely irrelevant to consideration of the Motion.  Having not articulated any justification that is permitted under the Rules of this Court or the Bankruptcy Code for implementation of a protective order, the Motion should be denied.

7.  The Motion likewise fails for another reason.  Protective orders, in the context of a bankruptcy proceeding, are designed to prevent harmful dissemination of information *to the public*.  *See* 11 U.S.C. § 107; Fed. R. Bankr. P. 9018.  Schuler is not an outsider or a mere member of the public.  He is director and shareholder of CSM who has both a fiduciary interest and a pecuniary interest in ensuring that CSM's estate is administered properly.  Moreover, as director and shareholder, Schuler has a right to inspect CSM's books and records under the laws of the Commonwealth of Virginia, the jurisdiction of CSM's formation and current corporate

---

[3] Commercial information has been defined as information which would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (quoting *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. ( In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir. BAP 1982)).

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030    TEL 703.273.8898    FAX 703.273.8897

Cameron McEvoy PLLC

existence.  *See* Va. Code §§ 13.1-771, 13.1-773 (1950, as amended).[4]  Thus, the Trustee's providing him access to materials is not a dissemination of information to the public, but is part and parcel to its investigation of CSM's affairs through interaction with those involved in the company *who already have a right to view the materials sought to be protected*.

8.      Indeed, restricting Schuler's access may hinder the Trustee's investigation into CSM's affairs – an investigation that is essential to the Trustee's execution of his duties under the Bankruptcy Code.  *See* 11 U.S.C. § 704(a)(4); *see also Mele v. First Colony Life Ins. Co.,* 127 B.R 82, 86 (D.D.C. 1991) (trustee has a duty to investigate so as to "maximize the value of the estate") (quoting *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 353 (1985)).  By denying Schuler access to certain CSM financial information, none of which is protected by statute, CSM is, in effect, restricting both Schuler and the Trustee by placing a prior restraint on the Trustee's First Amendment right to speak to and share information with Schuler in furtherance of the Trustee's own duties.  *See In re Symington*, 209 B.R. 678, 692 (Bankr. D. Md. 1997) ("Protective orders are prior restraints upon free speech because they restrict the dissemination of information.").[5]  Thus, it is not only Schuler who would be adversely affected by a protective order; the Trustee, and, through him, the estate itself, may suffer.

9.      Finally, it should be noted that CSM's proposed order (Docket Entry No. 42-1) is not itself a true "protective order" detailing terms for the use, disclosure or dissemination of information, but only calls for entry of a protective order prior to granting Schuler access to

---

[4] In fact, Schuler has been seeking access to the materials for quite some time.  His Complaint under the cited Virginia Code sections remains pending in the Circuit Court of Fairfax County, Virginia.

[5] By the same token, CSM's suggested relief seeks to place prior restraints on Schuler's First Amendment rights without justification, requiring either a "Confidentiality Agreement" or an order preventing publishing or commenting on material without court order.  *See* Motion, p. 2.

4

CSM financial materials. CSM has not, therefore, even expressed to the Court the circumstances under which access may be granted. Indeed, CSM's counsel has not discussed the potential parameters of a protective order with the undersigned counsel, nor has he even suggested that he might seek a protective order prior to filing this Motion. While, as stated above, Schuler believes his access should be unrestricted so as to best serve CSM and the Trustee, surely it is incumbent upon CSM, as the party moving for a protective order, to do more than ask the Court to deny Schuler's access to materials pending some further, unspecified action, especially without first attempting to resolve the matter out of court.

10. Having failed, for the reasons stated above, to state any justifiable reason for the imposition of a protective order, CSM's Motion should be denied in its entirety.

WHEREFORE, in consideration of the foregoing, Party-in-Interest A.J. Schuler respectfully requests that this Court deny Debtor Common Sense Media, LLC's Motion for Protective Order, and grant him such and further relief as this Court deems just and proper.

Dated: May 13, 2013 				Respectfully Submitted,

						A.J. SCHULER
						By counsel


/s/ Sean Patrick Roche_____
Sean Patrick Roche, Esq.
(D.C. Bar No. 498623)
Edward W. Cameron, Esq. (to be admitted *pro hac vice*)
Patrick J. McDonald, Esq. (to be admitted *pro hac vice*)
CAMERON/McEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
sroche@cameronmcevoy.com
ecameron@cameronmcevoy.com
pmcdonald@cameronmcevoy.com
*Counsel for Party-in-Interest A.J. Schuler*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 13th day of May, 2013, a copy of the foregoing was served by first class mail, postage prepaid, on the following persons, and, to the extent available and appropriate, by using the CM/ECF system as well:

Jeffrey M. Sherman, Esq.
Lerch, Early & Brewer, Chtd.
3 Bethesda Metro Center, Suite 460
Bethesda, Maryland 20814
jmsherman@lerchearly.com
*Attorneys for the Trustee*

Warren E. Gorman, Esquire
Warren E. Gorman, P.A.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, Maryland
*Counsel for Common Sense Media, LLC*

Office of the U.S. Trustee
115 S. Union Drive, Suite 210
Alexandria, Virginia 22314

          /s/ Sean Patrick Roche
          Sean Patrick Roche, Esq. (D.C. Bar No. 498623)
          Edward W. Cameron, Esq. (to be admitted *pro hac vice*)
          Patrick J. McDonald, Esq. (to be admitted *pro hac vice*)
          CAMERON/McEVOY, PLLC
          11325 Random Hills Road, Suite 200
          Fairfax, Virginia 22030
          (703) 273-8898
          (703) 273-8897 (Facsimile)
          sroche@cameronmcevoy.com
          ecameron@cameronmcevoy.com
          pmcdonald@cameronmcevoy.com
          *Counsel for Party-in-Interest A.J. Schuler*

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy PLLC