UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ] |
| | ] |
| COMMON SENSE MEDIA, LLC, | ] Case No. 13-129 |
| | ] (Chapter 7) |
| Debtor. | ] |

## MOTION FOR TURNOVER FROM DEBTOR

TO THE HONORABLE S. MARTIN TEEL, JR., BANKRUPTCY JUDGE:

COMES NOW Bryan S. Ross, Chapter 7 Trustee ("Trustee"), by and through his undersigned attorneys, and as his Motion for Turnover from Debtor ("Motion"), respectfully represent as follows:

1. This case was filed on March 5, 2013, when Common Sense Media, LLC ("Debtor"), filed its voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101, et seq.

2. The Trustee was thereafter duly appointed and is serving currently as the trustee of the bankruptcy estate of the Debtor.

3. As part of the administration of the Debtor's estate, it is necessary that the Trustee have a complete financial information concerning the assets, liabilities and financial affairs of the Debtor as possible; this case is no different.

4. Likewise, it is the affirmative duty of the Debtor to cooperate with the Trustee in the administration of the estate, pursuant to §521 of the Bankruptcy Code.

5. In the present case, the Trustee, himself and through his attorneys and his accountant, Arthur Lander, CPA, have made repeated demands for turnover of recorded information

1

concerning the assets, liabilities and financial affairs of the Debtor.

      6. Despite these demands, the Debtor has repeatedly failed to turn over to the Trustee, or as the Trustee directs, all of such recorded information. Among the items not turned over to the Trustee or his accountant are copies of W-2 forms for the Debtor, as well as documents showing the amounts disbursed in 2012 and 2013 on behalf of the Debtor by affiliates and related entities. The Trustee also requires complete documentation concerning the alleged payment of insurance premiums by the paymaster entity on behalf of the Debtor.

      7. The failure of the Debtor to turn over all such recorded financial information, and to perform its statutory obligations under §521 of the Bankruptcy Code is now hindering and interfering with the administration of the Debtor's estate by the Trustee. It appears that the Debtor had transferred substantial sums of money to what may be an affiliate, for the purpose of having the affiliated entity serve as common paymaster for the Debtor and at least one other related company, known as Firedog Lake. The Trustee and his accountant have noted a substantial discrepancy between the amount of money given by the Debtor to the paymaster and the amount the paymaster has documented as having been disbursed on behalf of the Debtor. This discrepancy is neither properly documented nor explained, and documents discussing these payments to and disbursements by the paymaster entity have not been forthcoming and remain incomplete.

      8. There is neither defense nor justification for the unreasonably long delay in the Debtor's turnover of recorded financial information. It is both essential and required of the Debtor to timely perform the obligation to cooperate, and to turn over information reasonably requested by the Trustee.

      9. Pursuant to §542 of the Bankruptcy Code, the Trustee is entitled to turnover from the

Debtor of recorded information concerning the assets, liabilities and financial affairs of the Debtor.  In light of the Debtor's refusal and failure to voluntarily turn over such information, the Trustee is compelled to utilize this remedy to obtain that to which he would otherwise routinely and normally be entitled from the Debtor.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order:

A.  Granting this Motion;

B.  Ordering the Debtor to turn over to the Trustee, or as the Trustee directs, within three (3) days of the entry of such an Order, all recorded information within its possession, custody and control concerning the assets, liabilities and financial affairs of the Debtor, including, without limitation, information stored electronically (accompanied by any necessary passwords or other access keys); and

C.  Granting such other and further relief as is just and proper.

Dated:  September 25, 2013                Respectfully submitted,


                                           /S/  Jeffrey M. Sherman
                                          Jeffrey M. Sherman, DC Bar No. 348896
                                          LAW OFFICES OF JEFFREY M. SHERMAN
                                          1600 N. Oak Street #1826
                                          Arlington, VA 22209
                                          (703) 855-7394
                                          jeffreymsherman@gmail.com
                                          Attorneys for the Trustee

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by first class mail, on September 25, 2013, upon the following:

Office of the United States Trustee
115 S. Union Street
Alexandria, VA  22314

Warren E. Gorman, Esq.
Warren E. Gorman, P.A.
5530 Wisconsin Ave, Suite 1209
Chevy Chase, MD 20815
wegorman@aol.com

Common Sense Media, LLC
5185 Macarthur Boulevard, #642
Washington, DC 20016

Sean Patrick Roche, Esq.
CAMERON/McENVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, VA 22030

                                                    */S/ Jeffrey M Sherman*
                                                   Jeffrey M Sherman