UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    ]
In re:                              ]
                                    ]
COMMON SENSE MEDIA, LLC,            ]    Case No. 13-129
                                    ]    (Chapter 7)
            Debtor.                 ]
_____]

**SECOND APPLICATION OF THE LAW OFFICES OF JEFFREY M. SHERMAN
FOR APPROVAL OF COMPENSATION AS TRUSTEE'S COUNSEL
FOR THE PERIOD OF SEPTEMBER 2013 THROUGH MARCH 2014**

TO THE HONORABLE S. MARTIN TEEL, JR., BANKRUPTCY JUDGE:

COMES NOW the Law Offices of Jeffrey M. Sherman ("Applicant"), attorneys for Bryan S. Ross, Chapter 7 Trustee ("Trustee"), and as its Second Application for Approval of Compensation as Trustee's Counsel for the Period of September 2013 through March 2014 ("Application"), respectfully states as follows:

**I.      NARRATIVE HISTORY AND BACKGROUND**

This case was filed on March 5, 2013, when Common Sense Media, LLC ("Debtor"), filed its voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101, et seq. The Trustee was thereafter duly appointed and is serving currently as the trustee of the bankruptcy estate of the Debtor.

By application dated July 1, 2013 (Docket #53), the Trustee sought to engage the Applicant in accordance with §327 of the Code, in substitution for prior counsel, Lerch, Early & Brewer, Chtd. The order approving the retention of the Applicant was entered on July 17, 2013

(Docket #54). That order specified that compensation payable to the Applicant as counsel to the Trustee would remain within the province of the Bankruptcy Court, which would determine and award the amount of compensation it deemed appropriate and commensurate with the services rendered by the Applicant.

**II.     SERVICES RENDERED**

This Application covers services rendered to the Trustee in the period of September 2013 through March 2014. These services are discussed below:

A. Asset Analysis and Recovery: The Applicant rendered substantial services to the Trustee in this respect, including an analysis of the Debtor's assets, their liquidity and value, and means for recovery and disposition, in particular, the Debtor's principal's potential commingling of assets with other entities, and potential piercing of the corporate veil. In furtherance of this task, the Applicant spent considerable time researching and drafting claims based on a variety of legal theories available to the Trustee to recover from those responsible for, among other things, diverting or usurping corporate opportunities, etc.

B. Asset Disposition: The Applicant rendered no substantial services to the Trustee in connection with "asset disposition."

C. Business Operations: The Applicant rendered no services for the Trustee in connection with "business operations."

D. Case Administration: The Applicant rendered services for the Trustee in connection with "case administration" through its representation of the Trustee in examining the Debtor's assets and seeking to recover financial information in concert with the Trustee and his

accountant, all of which met great resistance and took tremendous amounts of time and consultation to address.  The Applicant also rendered services to the Trustee in the preparation and filing of a motion for turnover, resolved finally during the period covered by this Application.

     E. <u>Claims Administration and Objections</u>:  The Applicant rendered no services for the Trustee in connection with "claim administration and objections,"

     F. <u>Employee Benefits/Pensions</u>:  The Applicant rendered no substantial service to the Trustee in connection with employee benefits and pensions.

     G. <u>Fee/Employment Applications and Objections</u>:  The Applicant spent a small amount of time preparing its application to be retained, and the first interim application for comepnsation, as reflected in its time records.

     H. <u>Financing</u>:  The Trustee required no post-petition financing.

     I. <u>Litigation (Other than Bankruptcy Issues)</u>:  The Applicant was not been asked to handle, and has not handled, litigation in either the Bankruptcy Court or in any non-bankruptcy forum which consists of litigation over matters not generally considered to be "bankruptcy" issues, such as objections to exemptions, etc.  However, consistent with the services rendered in connection with asset recovery, the Applicant did spend considerable time analyzing causes of action and claims that might inure to the benefit of the estate concerning the commingling of assets, ignorance of the corporate existence by the Debtor's principal, and usurpation of corporate opportunities.

     J. <u>Meetings of Creditors</u>:  No meeting of creditors were held during the reporting period.

K. <u>Plan and Disclosure Statement</u>:  The Applicant rendered no substantial services in connection with the formulation and presentation of a plan and disclosure statement.

L. <u>Relief From Stay Proceedings</u>:  The Applicant rendered no service to the Trustee with respect to a motion for relief from the automatic stay.

### III. **PRIOR APPLICATIONS FOR COMPENSATION AND FEES RECEIVED**

The Applicant has made one prior application for compensation (on September 9, 2013, Docket #58), for the period July through August 2013, in the amount of $5,670.00, which was granted (see Order dated October 2, 2013, Docket #66) and paid by the Trustee in full.  This Application covers only September 2013 through March 2014.  The Applicant received no retainer deposit from the Trustee.

### IV. **VALUE OF SERVICES**

A. **Computation of Value**

The Applicant submits that the services it rendered were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of assisting the Trustee in achieving the goals of this Chapter 7 case.  The fees charged by the Applicant during the period of July 2013, using the "lodestar" method of fee computation, are:

| Fees | Expenses |
|---|---|
| $ 14,130.00 | $ 0.00 |

Copies of the <u>unedited</u>, unaltered computer records of the actual time entries made by all of the professionals rendering service to the Trustee are attached hereto.

### B. Identification of Professionals Rendering Service

Services were rendered exclusively by Jeffrey M. Sherman (at $450.00/hour).

### C. Billing Discretion

It has been the normal practice of the Applicant in the representation of the Trustee, as in all cases, to bill certain types of matters discretionarily.  Certain services do not, in the collective mind of the Applicant, justify billing at all, and some only at an amount reduced from the actual time spent.  The Applicant is attempting to provide the Court with a narrative description of such items.

It is rare for the Applicant to bill the Trustee for any time spent reading incoming correspondence.  The time spent reviewing incoming material that does appear in the billing detail relates only to extraordinary pleadings, correspondence or other documents requiring immediate reply or other action.

As is evident from the unedited time records attached hereto, the Applicant bills in increments of tenths of an hour.  Services which consume less than six minutes of time (.1 hour) are usually and have been excluded from billing.  The Applicant eschews "rounding up" for purposes of qualifying a singular service as billable.  The Applicant believes that the exercise of billing discretion is appropriate, rather than robotically billing everything.

### V.    EVALUATION STANDARDS

The Applicant submits that it is entitled to be paid the full amount of the fees sought herein, based upon the factors established in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), and adopted in this Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n. 28

(4th Cir.) (adopting *Johnson* guidelines), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978), and based upon the "Guidelines," as discussed in detail hereinbelow:

a. <u>Skill Required to Perform the Services Properly</u>:  The Applicant submits that the skill and competency level required of special litigation counsel for the Trustee is, at a minimum, the ordinary skill and competence required of experienced bankruptcy litigators.  Somewhat greater than normal demand is placed on such counsel by virtue of the fiduciary obligation the Trustee bears to the estate and its creditors, and the fact that such counsel may often be litigating against the very creditors to whom the client -- the Trustee -- owes a fiduciary obligation.  Counsel for the Trustee must also ensure that the representation of the Trustee is handled economically, with due regard for the fact that every dollar paid to counsel depletes the funds available for distribution to creditors.  Only a skilled professional is able to gauge what measure and extent of service is reasonable for any particular aspect of the Trustee's representation, and is able to control the expenditure of time and money to remain commensurate with and proportional to the Trustee's objectives being pursued by counsel.

b. <u>Preclusion of Other Employment</u>:  The Applicant was not denied the opportunity to accept representations of other clients by virtue or as a result of the rendition of service to the Trustee herein.

c. <u>Novelty and Difficulty of Questions</u>:  The Applicant encountered no novel or difficult questions in this matter.

d. <u>Time and Labor Required</u>:  The time and labor required of the Applicant in connection with its representation of the Trustee is set forth in the time records attached hereto.  The amount

of compensation sought through this Application is the "lodestar" amount, derived from the hours actually billed on this matter.

    e. <u>The Customary Fee</u>: The hourly rates charged by the Applicant for the services rendered are the customary rates charged by the Applicant, and are, the Applicant submits, at "market rate" for attorneys of comparable experience and expertise. No variance from practice of billing time at an hourly rate -- <u>e.g.</u>, through "value billing" -- was ever undertaken or permitted by the Applicant.

    f. <u>Fixed or Contingent</u>: The fees charged by the Applicant were determined at their standard hourly rates, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

    g. <u>Experience, Reputation and Ability of the Attorneys</u>: The Applicant has extensive experience in dealing with bankruptcy and bankruptcy litigation matters before this Court (and many others). The Applicant submits that its bankruptcy practitioners are generally well-regarded among their peers, and enjoy a favorable reputation.

    h. <u>Awards in Similar Cases</u>: The Applicant submits that the compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to Trustees in cases bearing similarity to this case.

    i. <u>Time Limitations</u>: The Applicant was burdened by substantial, urgent time limitations imposed by the nature of the relationship between the Trustee and its active, aggressive secured

creditor.. However, this factor is not advanced as a basis for a variance from the "lodestar" amount of fees.

j. <u>Results Obtained</u>: The Applicant believes that its rendition of services to the Trustee yielded beneficial and constructive results, given the nature of the Trustee and its constituents, the difficulty the Applicant had in working cooperatively with the Trustee, the pre-bankruptcy course of litigation between the parties (to which the Applicant was not a party), and the nature of the actions of the parties during the time the Applicant was counsel for the Trustee.

## VI. ABILITY TO PAY

The Trustee has funds on hand in an amount more than sufficient to pay the fees sought in this Application in full.

## VII. FURTHER APPLICATION

The Applicant will make future applications for compensation, both interim and, ultimately, final.

## VIII. REIMBURSEMENT OF EXPENSES

The Applicant incurred no reimbursable expenses.

## IX. DISCLOSURE OF NON-SHARING OF COMPENSATION

The Applicant does not have and has not made any agreement to share or split any compensation received with any other person or party, except as permitted under §504 of the

Bankruptcy Code.  No compensation previously awarded to the Applicant has been split or shared with any other person or party, except as permitted in §504 of the Bankruptcy Code.  The Applicant has not made any promise or entered into any agreement or understanding of any sort, explicit or tacit, whatsoever to share or split compensation to be received in the future with any person or party.

WHEREFORE, for all of the foregoing reasons, the Applicant requests that this Court enter an Order:

1. approving the compensation sought herein; and

2. granting such other and further relief as is just and proper.

Dated: April 1, 2014                                   Respectfully submitted,

                                              /S/  Jeffrey M. Sherman
Jeffrey M. Sherman, DC Bar No. 348896
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street #1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
Attorneys for the Trustee

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served by first class mail, on April 1, 2014, upon the following:

Office of the United States Trustee
115 S. Union Street
Alexandria, VA  22314

and all parties and parties in interest in both of the above-captioned cases.

                                            */S/ Jeffrey M Sherman*
                                            Jeffrey M Sherman